UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUKE AMMON PREACHER,<br><br>                Petitioner,<br><br>     v.<br><br>BARACK OBAMA, U.S. FEDERAL CORPORATION, USA, BETTY RICHARDSON, B. LYNN WINMILL, JACK B. HAYCOCK, and THOMAS E. MOSS,<br><br>                Respondents. | Case No. 1:11-cv-00596-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Luke Ammon Preacher's ("Preacher") Petition for Writ of Habeas Corpus (Dkt. 1), Motion Demanding Jury Trial (Dkt. 7), Motion for Evidentiary Hearing (Dkt. 8), and Motion for Appointment of Counsel (Dkt. 9). For the reasons set forth below, the Court will dismiss the Petition for Writ of Habeas Corpus and find the remaining motions to be moot.

## BACKGROUND

On May 3, 2000, the Grand Jury returned a two-count indictment against Preacher charging him with (1) attempted aggravated sexual abuse of a child in Indian country in violation of 18 U.S.C. §§ 2241(c) and 1153; and (2) kidnaping of the child in Indian

country in violation of 18 U.S.C. §§ 1153 and 1201.  Several individuals had observed Preacher disrobing the victim and himself and placing her on the ground in an isolated area near a storage unit on the Fort Hall Indian Reservation.  *Plea Agreement*, ¶ 2 (Dkt. 13).[1]  After those individuals called the Fort Hall police, the responding tribal police officer observed Preacher in the act of attempting to have sexual intercourse with the victim.  *Id.*  Pursuant to the Plea Agreement, Preacher pled guilty to the attempted aggravated sexual abuse of a minor charge in exchange for dismissal of the kidnaping charge.  On December 18, 2000, Preacher was sentenced to 168 months of incarceration.  *Judgment*, Dkt. 16.

Preacher unsuccessfully appealed his sentence to the Ninth Circuit and unsuccessfully petitioned the United States Supreme Court for a writ of *certiorari* before timely filing his initial § 2255 Motion (Dkt. 25).  He subsequently filed an Amended § 2255 Motion (Dkt. 37) alleging that his conviction should be set aside because (1) his guilty plea was neither knowing nor voluntary; (2) his attorney provided ineffective assistance in several respects; and (3) his conviction violated the Double Jeopardy Clause of the Fifth Amendment.  The various grounds contained several subparts alleging, *inter alia*, lack of jurisdiction based on sovereign immunity and tribal law grounds.

The Court denied all but one of Preacher's claims summarily.  *Mem. Dec. and Order*, Dkt. 64.  Following appointment of counsel and an evidentiary hearing, the Court

---

[1] Docket references in the remainder of this decision are to the underlying criminal case, Case No. 4:00-cr-00064-BLW, unless otherwise specified.

on July 27, 2006, dismissed the final claim. *Mem. Dec. and Order*, Dkt. 100. It also declined to issue a certificate of appealability. *Order*, Dkt. 102. Preacher appealed the dismissal of his Amended § 2255 Motion and the denial of a request for a certificate of appealability. *Notice of Appeal*, Dkt. 103. The Ninth Circuit also denied his request for a certificate of appealability initially and on motion for reconsideration. *Ninth Circuit Orders*, Dkts. 108 and 114.

Throughout the post-appeal period and the § 2255 proceedings, Preacher filed numerous documents which became increasingly more frivolous, incomprehensible, and procedurally improper. They continued after his Amended § 2255 Motion was dismissed, prompting the Court to enter an order on October 30, 2007, striking them from the record and ordering Preacher to cease filing such documents. *Order*, Dkt. 113. On February 15, 2011, he attempted to file a Notice of Suggestion of Death advising the Court pursuant to Fed. R. Civ. P. 25(a)(1) that "Luke Ammon of Preacher, sui generis, Justice, real party in interest" was alive and noting "the civil death during the pendancy (sic) of this action of Luke Ammon of Preacher, Defendant." Dkt. 115. On December 2, 2011, Preacher filed the pending Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

## REVIEW OF PETITION FOR WRIT OF HABEAS CORPUS

### A.   Summary and Claims

As Applicant, Preacher names "Luke Ammon: Preacher, sui generis, Justice" and "Warren Daniel:Clinton" whom he identifies at "foreign personal intervenor." As Respondents in the caption, he names "Barack Obama, U.S. Federal Corporation, U.S.

FEDERAL CORPORATION, U.S. of America, U.S. OF AMERICA, Betty H. Richardson, BETTY H. RICHARDSON, U.S. Attorney, B. Lynn Winmill, B. LYNN WINMILL, Federal Judge, Jack B. Haycock, JACK B. HAYCOCK, Ass. U.S. Attorney, Thomas E. Moss, THOMAS E. MOSS, U.S. Attorney."[2]

Although Preacher does not identify the individual Respondents, Betty H. Richardson was the United States Attorney for the District of Idaho at the time the Indictment was filed. Jack B. Haycock was the Assistant United States Attorney who prosecuted the case. Thomas E. Moss succeeded Betty H. Richardson as United States Attorney for the District of Idaho in 2001 and remained in that capacity throughout the § 2255 proceeding.

Preacher's prior history of frivolous filings and the caption of his current pleading together suggest that his pending petition is likewise frivolous. Nevertheless the Court will not dismiss it without analysis. Although Preacher's allegations are difficult to follow, the Court is obligated to liberally construe them given Preacher's pro se inmate status. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Doing so, it appears that essentially he is alleging claims and/or seeking relief as follows:

> Claim One – lack of subject matter jurisdiction; seeks dismissal of the Indictment and Plea Agreement, release from incarceration, and the sum of $1,565, 217 per day from December 18, 2000 until release.

---

[2] Preacher may be attempting to name Betty Richardson, Jack B. Haycock, and Thomas E. Moss in their individual and official capacities.

**MEMORANDUM DECISION AND ORDER - 4**

Claim Two – involuntary plea; seeks a "commercial redemption" on all court bonds attached to the indictment for using his "equity (time/energy) to create bond(s), which bond(s) are actually Applicant's plus interest at 10%."

Claim Three – removal of B. Lynn Winmill pursuant to Fed. R. Civ. P. 25(a) due to the fact that he is "civilly dead."

Claim Four – sovereign immunity and substitution of parties pursuant to Fed. R. Civ. P. 25(a) noting his "civil death;" appears to seek substitution of himself as a "natural person, Idaho citizen" as opposed to a "U. S. citizen."

Claim Five – implicit repeal of 28 U.S.C. § 1915 (*in forma pauperis* statute) by 42 U.S.C. § 1977 (the Prisoner Litigation Reform Act); appears to contend that 42 U.S.C. § 1997 is not applicable to him because it applies to U.S. citizens. This claim is incomprehensible and will not be addressed further.

Claim Six – violation of the July 3, 1868 treaty with the Shoshone and Bannock Tribes by the enactment of 8 U.S.C. § 1401 (deeming a person born in the United States to a member of an Indian tribe to be a U.S. citizen) and by enactment of 18 U.S.C. § 1153 (providing that an Indian who commits certain specified offenses "shall be subject to the same law and penalties as all other persons committing any of [those] offenses, within the exclusive jurisdiction of the United States."); seeks release from custody.

Claim Seven – appears to challenge the $350 filing fee required by 28 U.S.C. § 1914 although he paid the $5 habeas filing fee provided for in the same statute. This claim is moot because he was not required to pay a filing fee of $350.

Claim Eight – violation of the Fort Bridger Treaty; appears to seek declaration that 18 U.S.C. § 1153 (enumerating certain offenses subject to jurisdiction of the United States) and 25 U.S.C. § 1301(4) (pertaining to the constitutional rights of Indians) are bills of attainder.

>  Claim Nine – seeks a presidential pardon.
>
>  Claim Ten – failure of the Government to file a timely answer to his Amended § 2255 Motion; seeks default judgment of $10,000,000 in gold minted coins.
>
>  Claim Eleven – violation of a writ of execution he submitted to the Court; seeks $820,000,000 in gold minted coins.
>
>  Claim Twelve – demand for judgment; no apparent relief sought.  The claim is incomprehensible and will not be addressed further.
>
>  Claim Thirteen – requests Respondents "to recognize our Justices' Court Kings Bench in and for Bannock County de jure enforceable by 28 U.S.C. §§ 2341-2353.  Those statutes pertain to the orders of federal agencies and the review thereof.  The claim is incomprehensible and will not be addressed further.

**B.     Construction of Petition**

Where a complaint filed by a federal prisoner challenges the fact or duration of confinement as well as damages for civil rights violations, the court must treat the former as a § 2241 proceeding and the latter as a *Bivens* action.  *See, e.g., Tucker v.  Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (citing  *Hassain v.  Johnson*, 790 F.2d 1420-21 (9th Cir. 1986) (implicitly approving the district court's treatment of prisoner's complaint seeking both release from confinement and money damages as a petition for habeas corpus and a separate *Bivens* action)).  *See also Christian v.  Norwood*, 376 Fed. Appx. 725, 726 (9th Cir.  2010) (citing *Tucker* and *Preiser v.  Rodriguez*, 411U.S. 475, 494 (973) (denying request for damages because "§ 2241 petition is not the proper vehicle for obtaining

monetary damages"). Accordingly, the Court will analyze Preacher's claims challenging his conviction in the § 2241 context but his claims for damages as a *Bivens* action. The Court will address his other claims separately.

**B.    28 U.S.C. § 2241**

    **1.    Standard of Law**

Generally, a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is limited to challenging the manner, location, or condition under which a sentence is executed and is to be filed in the custodial court. *Harrison*, 519 F.3d 952, 956 (9th Cir. 2008) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999)). On the other hand, a motion filed pursuant to 28 U.S.C. § 2255 is the exclusive mechanism by which a federal prisoner may attack the underlying legality of his detention and is to be filed in the sentencing court. *Id.* at 955-56 (citing and *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000)). However, a so-called "escape hatch" or "savings clause" contained within § 2255 provides that a prisoner may proceed under § 2241 to challenge the legality of his detention if the remedy under § 2255 is "inadequate or ineffective" for doing so. *See* § 2255(e); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("escape hatch"); *Hernandez v. Campbell*, 204 F.3d 861, 864, n.2 (9th Cir. 2000) ("savings clause").

The Ninth Circuit and other circuits have held that the escape hatch is only available when a prisoner "(1) makes a claim of actual innocence,[3] and (2) has not had an

---

[3] An actual innocence claim in this context is evaluated under the standard enunciated in *Bousley v. United States*, 523 U.S. 614 (1998), which held that to prevail on an actual innocence claim, the

**MEMORANDUM DECISION AND ORDER - 7**

'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898. *See also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In determining whether a prisoner had an unobstructed procedural shot, the court should consider (1) whether the legal basis for his claim arose after he had exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed pertaining to his claim after that first § 2255 motion. *Harrison*, 519 F.3d 960.

If a prisoner cannot demonstrate both actual innocence *and* the lack of an unobstructed procedural shot at asserting his claim, then the remedy under § 2255 is adequate and he cannot proceed under § 2241. *Stephens*, 464 F.3d at 898-99 (emphasis added). The prisoner will instead be subject to the restrictions placed upon the filing of a second or successive § 2255 motion discussed below. *See Harrison*, 519 F.3d at 961-62; *Hernandez,* 204 F.3d at 866. Those restrictions are not sufficient to trigger the savings clause. *Stephens*, 464 F.3d at 897-98.

### 2. Preacher's Claims

Preacher's claims are a mix of those challenging his conviction and seeking release (Claims One, Two, Four, Six, and Eight), those seeking outrageous money judgments (Claims One, Two, Ten, and Eleven), a request for a presidential pardon (Claim Nine), and several pertaining to miscellaneous issues (Claims Three, Five, Seven, Twelve, and

---

"petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley*, 523 U.S. at 623). In other words, actual innocence means factual innocence. *Id*.

Thirteen).  However, the primary thrust of Preacher's habeas petition is that he should be released from incarceration because he was wrongly convicted based on lack of jurisdiction (over him in particular and tribal matters in general) and an involuntary plea.

As stated above, Preacher has entitled his pleading "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241."  However, the title appended to a motion is not determinative of the nature of the motion.  *See Gonzalez v. Crosby*, 545 U.S. 524, 527 n.1, 531 (2005) (distinguishing in the context of a challenge to a state court conviction between a Rule 60(b) motion and a second or successive habeas petition and between a Rule 59(e) and a Rule 60(b)(6) motion).  *See also Suarez v. United States*, Nos.  Civ. Nos. S-06-2728 EJG, CR S-02-246 EJG, 2010 WL 2612739 (E.D. Cal. June 25, 2010) (applying *Gonzalez v. Crosby* rationale to challenges to federal convictions).   Therefore, just because Preacher labels his pleading as a § 2241 petition does not make it so.

Preacher is obviously challenging the legality of his conviction rather than the manner, location, or conditions under which his sentence is being executed.  Accordingly, his claims are not cognizable in a § 2241 proceeding unless he demonstrates that he qualifies for the escape hatch of § 2255.

Preacher does not allege any facts suggesting that he is factually innocent of the crime of which he was convicted.  Rather, he simply alleges variations of the same jurisdictional and involuntary plea claims he raised in his Amended § 2255 Motion, none of which relate to factual innocence.  *See Marrero*, 682 F.3d at 1192-93 (finding petitioner not entitled to benefit of the § 2255 escape hatch in part because he did not

**MEMORANDUM DECISION AND ORDER - 9**

introduce any evidence tending to show that he did not commit the underlying offense). Furthermore, given that the alleged legal basis of his claims arose before his Amended § 2255 Motion, and the law has not changed since the Court dismissed that motion, Preacher has had an unobstructed procedural shot at raising his claims. Accordingly, Preacher's claims do not meet the requirements for invoking the § 2255 escape hatch, and the Court will construe his § 2241 petition as a second or successive § 2255 motion. *See Id.*; *Harrison*, 519 F.3d at 961-62.

Once a prisoner has unsuccessfully challenged the legality of his detention in a § 2255 proceeding, he cannot file a second or successive § 2255 motion unless he first obtains the authorization of the court of appeals. *See* 28 U.S.C. § 2255(h). The court of appeals may grant such authorization only if it determines that the motion makes a prima facie showing that it involves either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (incorporating 28 U.S.C. § 2244).

This Court, as the sentencing court, is the proper court to consider Preacher's § 2255 motion. However, this Court has no jurisdiction to consider this second or successive § 2255 motion without authorization from the Ninth Circuit Court of Appeals

MEMORANDUM DECISION AND ORDER - 10

which Preacher has neither sought nor received.  *See Marrero*, 682 F.3d at 1195 (affirming dismissal of § 2241 petition construed as a § 2255 motion for lack of jurisdiction).

B.  **Damages Claims**

Some of Preacher's claims for damages appear to be civil rights claims related to his allegedly unlawful prosecution and conviction.  Others are related to his claim of default judgment and enforcement of a writ of execution.

1.  *Bivens* **Claims**

Reading beyond the somewhat incomprehensible allegations and ignoring the obvious pleading deficiencies, the Court liberally construes Claims One and Two of his petition to find that Preacher is seeking damages for his illegal or unconstitutional confinement.

A claim for damages that would imply the invalidity of a criminal conviction or sentence is not cognizable under the Civil Rights Act, 42 U.S.C. § 1983, unless and until a plaintiff has shown that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Generally, when *Heck* applies, the Court must dismiss the lawsuit.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997)

Civil rights actions against federal actors are authorized under *Bivens v. Six*

**MEMORANDUM DECISION AND ORDER - 11**

*Unknown Named Agents*, 403 U.S. 388 (1971). The rationale of *Heck v. Humphrey* pertaining to § 1983 actions applies as well to *Bivens* actions against federal actors. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*"). *See also Stewart v. Welty*, 450 Fed. Appx. 684 (9th Cir. 2011) (recognizing *Martin v. Sias* and upholding dismissal of federal prisoner's *Bivens* action on *Heck* grounds).

Preacher's *Bivens* claims are barred by *Heck* given that his claims for damages are premised on the alleged unconstitutionality of his conviction and resultant sentence, and his conviction has not been reversed, expunged, or declared invalid, and he has not been issued a writ of habeas corpus.

### 2. Other Damages Claims

In Claim Ten, Preacher seeks default judgment in the sum of $10,000,000 in gold minted coins based failure of the Government to file a timely answer to his Amended § 2255 Motion. This claim is clearly frivolous and subject to dismissal. In any event, default judgment is not available in habeas proceedings. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). *See also Quinones-Torres v. United States*, 240 Fed.Appx. 876, 878 (1st Cir. 2007) (applying *Gordon* to a § 2255 proceeding); *United States v. Bopp*, No. 09-20532, 2012 WL 2711395 at *1 (E.D. Mich. Jul. 9, 2012).

In Claim Eleven, Preacher seeks $820,000,000 in gold minted coins for "violation"

of a writ of execution he submitted with his § 2241 petition apparently to execute on the default judgment he seeks in Claim Ten.  Likewise, this claim is clearly frivolous and subject to dismissal.

## C.     Request for Presidential Pardon

In Claim Nine, Preacher requests a presidential pardon.  This Court is the wrong forum in which to seek a presidential pardon.  "Defendants convicted of federal crimes may seek collateral relief through a presidential pardon."  *United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004) (citing U.S. Const. Art. II, § 2, cl.1).  However, a person seeking a presidential pardon or commutation of sentence must submit a "formal petition . . . addressed to the President of the United States . . . to the Pardon Attorney, Department of Justice, Washington, D.C. . . . ."  28 C.F.R. § 1.1.  Thereafter, the Pardon Attorney investigates the petition and makes recommendations to the Attorney General who in turn advises the President.  *See Binion v. U.S. Department of Justice*, 695 F.2d 1189, 1190 (9th Cir. 1983) (citing 28 C.F.R. § 0.35-.36, 1.1-1.7).

## D.     Claims for Substitution of Parties

In Claims Three and Four, Preacher moves under Federal Rule of Civil Procedure 25 (a) to remove the undersigned due to his "civil death" and to substitute himself (Preacher) with another version of himself due to *his* "civil death."  The Court can only surmise that Preacher is referring to an archaic concept of civil death where under common law, "a person who has been outlawed or convicted of a serious crime" loses, among other things, the right to sue.  *Black's Law Dictionary*, Death, (9th Ed. 2009).  *See*

*also The New Civil Death: Rethinking Punishment in the Era of Mass Conviction*, 160 U. Pa. L. Rev. 1789, 1793-98 (May, 2012) (discussing the "decline" by the mid-nineteenth century of the common law institution of "civil death' as a punishment associated with conviction (or 'attainder') for treason or felony")

Preacher's claims are patently frivolous.  Rule 25(a) pertains to substitution of a party upon his death by his successor or representative where the death does not extinguish a pending claim.  The rule obviously pertains to actual death of a party.

"Simply because a person is incarcerated does not mean that he is stripped of free access to the courts and the use of legal process to remedy civil wrongs."  *Wimberly v. Rogers*, 557 F.2d 671, 673 n. 1 (9th Cir. 1977) (citing two cases involving "civil death" statutes).  To the extent that Preacher is claiming that he is prevented from filing lawsuits because he is imprisoned, his claim is moot.  He has obviously not been prevented from filing suit.  Rather, his suit is subject to dismissal on other grounds.

To the extent that Preacher is seeking recusal of the undersigned, his claim is denied.  Seeking recusal claiming "a federal judge is an artificle (sic) person, a corporation, who is civilly dead" and that "only Applicant the real party in interest can speak in a Justice's Court" is nonsensical.  Recusal is only warranted where there is an issue of bias, prejudice, or lack of impartiality on the part of a judge.  *See* 28 U.S.C. § 144 and 28 U.S.C. § 455.  Preacher has made no such allegations.

## CONCLUSION

Preacher has attempted to circumvent the requirements for filing a second or

successive § 2255 motion by filing a § 2241 petition for writ of habeas corpus.  However, he has failed to show that he is entitled to avail himself of the escape hatch of § 2255(e) to proceed under § 2241.  His *Bivens* and other damage claims are frivolous and subject to dismissal.  Accordingly, his motions for a jury trial, for an evidentiary hearing, and for appointment of counsel are moot.

## ORDER

**IT IS ORDERED:**

1. Preacher's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED IN ITS ENTIRETY**.

2. Preacher's Motion Demanding Jury Trial (Dkt. 7), Motion for Evidentiary Hearing (Dkt. 8),and Motion for Appointment of Counsel (Dkt. 9) are **DISMISSED AS MOOT**.



DATED:  **October 22, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge